**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|         Plaintiff, ) | |
| v. ) | |
| ) | CRIM. NO. 2004/0030 |
| TODOR DRAGN, ) | |
|         Defendant. ) | |
| _____) | |

**MEMORANDUM OPINION**

Finch, J.

      THIS MATTER comes before the Court on Defendant's Objections to Presentence Investigation Report.  Defendant Todor Yordanov Dragn objects to the two-point increase from a base level of 38 for his role as a boat captain.  He also believes that he is entitled to a further two-point reduction for playing only a minor role.   Finally, he contends that he should receive a two-level "safety valve" reduction.

      The United States Sentencing Commission Guidelines (USSG or Guidelines) are advisory.  United States v. Booker, 543 U.S. 220, 245 (2005).  Notwithstanding, before sentencing a defendant, the Court is obligated to consider the sentencing range established by the Guidelines.  See Kimbrough v. United States, 128 S. Ct. 558, 570 (2007).  Thus, as a threshold matter, the Court must determine the guideline sentencing range.

**I.      Special Skills**

      The Presentence Report and the Government recommend a two-point adjustment under USSG § 3B1.3 for use of a "special skill" in operating the sailboat.  Although not every person who transports drugs by boat must have special skills to do so, a voyage of the nature that Dragn undertook requires special skill.  Compare United States v. Batista De La Cruz, 460 F.3d 466,

469 (3d Cir. 2006) with United States v. Rodriguez-Rijo, 231 F3d. Appx. 185, 188 (3d Cir. 2007).  Dragn had to be taught how to use the vessel.  Dragn piloted the vessel in darkness of night en route to a location thousand of miles away in open waters.  He was sailing from Venezuela to Bulgaria by way of Antigua, Bermuda, the Canary Islands and the Balkan and Black Seas, when he was intercepted.   Dragn used navigational maps, vessel repair schedules, equipment maintenance schedules, a global positioning device, and shift watch schedules – all of which demonstrate the specialized skill required to pilot the vessel and supervise the crew.

As captain of the boat used to transport contraband, Dragn "used a special skill . . . in a manner that significantly facilitated the commission of concealment of the offense." USSG § 3B1.3.  Therefore the Court finds that a two-point adjustment pursuant to USSG § 3B1.3 is appropriate.

**II .    Minor Role**

When a defendant is a minor participant in a criminal activity, a two-level decrease in the offense level is warranted pursuant to USSG § 3B1.2(b).  To receive any adjustment, the defendant must have played a part in committing the offense making him "substantially less culpable than the average participant." USSG § 3B1.2,  Application Note 3(A).

According to Dragn, he was a minor player because another individual negotiated the purchase of the boat which Dragn operated.  The Court agrees with the Government, that regardless of the manner in which Dragn obtained the boat, he was the owner and master of the vessel used to transport the contraband.  As boat captain, Dragn directed the activities of the crew.  Thus, Dragn played a vital role in the transportation of the contraband.  Without his

participation, the contraband could not have been shipped from the point of purchase toward its final destination in another continent.

Although there were unindicted participants that were equally culpable with Dragn, such as the contraband shipper and receiver, Dragn, as the key transporter, was not substantially less culpable than the average participant.  The Court agrees with the Presentence Report which did not provide for any participation-related adjustment.

**III.     Safety Valve Provisions**

Dragn seeks the benefit of the safety valve provisions, USSG § 2D1.1(b)(11) in conjunction with USSG § 5C1.2(a), which would give him a two-level downward adjustment. USSG § 5C1.2(a) requires that five criteria be met for Dragn to be eligible for the two-level decrease.  Dragn has the burden to show by a preponderance of the evidence that the safety valve provisions are applicable to his case.  See United States v. Sabir, 117 F.3d 750, 754 (3d Cir. 1997).

The Government asserts that Dragn has failed to meet his burden.  According to the Government, Dragn was a leader or supervisor of others in the offense and therefore is ineligible pursuant to USSG § 5C1.2(a)(4).  The Court disagrees.  Application Note 5 to USSG § 5C1.2 explains: "'Organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines,' as used in subsection (a)(4), means a defendant who receives an adjustment for an aggravating role under § 3B1.1 (Aggravating Role)."  Because Dragn did not have an aggravating role, he is not barred from receiving an adjustment under the safety valve provisions.

3

Moreover, although the evidence at trial showed that Dragn, as boat captain, supervised others with regard to the handling of the boat, there was no evidence to suggest that he led or supervised them in the commission of the offense. Indeed, the jury's not guilty verdicts as to Dragn's Co-defendants, indicates that the jury believed that Dragn only led the others in the sailing of the boat, and that the others were not involved in the transportation of contraband.

The Government also contends that Dragn is ineligible for failure to comply with USSG § 5C1.2(5) which requires that:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

The Government has produced evidence to show that Dragn has not truthfully provided the Government with all the information and evidence he has concerning the offense. Because Dragn has until the day of sentencing to put on evidence to meet his burden of showing that he has truthfully and fully disclosed everything he knows to rebut the Government's claims to the contrary, the Court will reserve its ruling as to whether the safety valve provisions are applicable to him until the time of sentencing.

### IV.  Conclusion

After considering the evidence at trial, reviewing the Presentence Report, the Defendant's Objections and the Government's Response, the Court finds that Dragn should receive a two-level increase for using special skills pursuant to USSG § 3B1.3 and is not entitled to a two-level

4

decrease for being a minor participant pursuant to USSG § 3B1.2(b).  The Court reserves the question of whether Dragn is eligible for a two-level decrease under the safety valve provisions USSG §§ 2D1.1(11) and 5C1.2(a), until the time of sentencing.

                                                    ENTER:

DATE:        April 7 , 2008                              _____/s/_____
                                                                RAYMOND L. FINCH
                                                                DISTRICT COURT  JUDGE